CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID WADE, Administrator )
of the Estate of Elizabeth Wade, ) Civil Action No. 7:14CV00569
)
Plaintiff, )
) **MEMORANDUM OPINION**
v. )
)
CAROLYN W. COLVIN, Acting ) By: Hon. Glen E. Conrad
Commissioner of Social Security, ) Chief United States District Judge
)
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's deceased wife's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423.[1] Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

Elizabeth Wade was born on May 1, 1959 and eventually completed her college education. Mrs. Wade worked for many years in the Child Support Enforcement Division of the Department of Social Services. According to her testimony, she worked in many different capacities for the Department. Apparently, she last worked in 2000. On April 19, 2010, Mrs. Wade filed applications for disability insurance benefits and supplemental security income benefits. In filing her applications, Mrs. Wade alleged that she became disabled for all forms of substantial gainful

---

[1] The original claimant, Elizabeth Wade, died sometime after the administrative hearing in this case. The case was filed by Mrs. Wade's husband, David Wade, as Administrator of her estate. For purposes of consistency and clarity, the court will hereinafter refer to Elizabeth Wade as the plaintiff.

employment on July 11, 2000, due to a variety of conditions, including asthma; fibromyalgia; back injury with herniated discs; migraine headaches; arthritis; Hepatitis C; hypersomnolence with extreme fatigue; depression/anxiety; Charcot joint or diffuse pigmented villonodular synovitis; and foot deformities. Plaintiff alleged that her disability was permanent. As to her claim for disability insurance benefits, the record reveals that Mrs. Wade met the insured status requirements of the Act through the second quarter of 2006, but not thereafter. See generally 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mrs. Wade was entitled to disability insurance benefits only if she established that she became disabled for all forms of substantial gainful employment on or before June 30, 2006. See generally 42 U.S.C. § 423(a).

Mrs. Wade's application for supplemental security income benefits was approved at the reconsideration level, based on a finding that she was disabled for all forms of substantial gainful employment at the time she protectively filed her application for benefits. However, plaintiff's application for disability insurance benefits was denied both upon initial consideration and reconsideration. Mrs. Wade then sought and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 16, 2013, the Law Judge also determined that Mrs. Wade was not disabled at any time prior to termination of insured status. The Law Judge found that plaintiff suffered from several severe impairments, on and before June 30, 2006, including obesity; degenerative disc disease of the lumbar spine; migraines; asthma, hypertension; Hepatitis C; obstructive sleep apnea; and depression. Because of these impairments, the Law Judge ruled that plaintiff was disabled for all of her past relevant work activities. However, the Law Judge held that Mrs. Wade retained sufficient functional capacity for a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

2

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b). The claimant could occasionally balance, kneel, stoop, crouch, crawl, and climb ramps and stairs. However, the claimant could not have been exposed to hazards, including hazardous machinery and unprotected heights, and the climbing of ladders, ropes, scaffolds. The claimant must have also avoided concentrated exposure to extreme cold, wetness, and humidity, excessive noise, and excessive vibration. Finally, the claimant could not have performed complex tasks or skilled work during this period.

(TR 17). Given such a residual functional capacity, and after considering Mrs. Wade's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retained the ability to perform several specific light and sedentary work roles existing in significant number in the national economy at all relevant times on and before June 30, 2006, the date last insured. Accordingly, the Law Judge ultimately concluded that Mrs. Wade was not disabled prior to June 30, 2006, and that she was not entitled to a period of disability or disability insurance benefits. See generally, 20 C.F.R. §§ 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

While plaintiff may have been disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's

3

education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As set forth above, the Administrative Law Judge found that Mrs. Wade suffered from a combination of physical and emotional impairments which rendered her disabled for her past relevant work roles. In such circumstances, the burden of going forward with the evidence shifts to the Commissioner to demonstrate the availability of other jobs which the claimant could have been expected to perform. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975). See also, 20 C.F.R. §§ 404.1560(e)(2). In order to discharge this burden, the Commissioner often relies on testimony from a vocational expert. Grant, 699 F.2d at 192. As reflected above, the Administrative Law Judge in this case relied on testimony from a vocational expert in determining that Mrs. Wade could have been expected to perform alternate, light and sedentary work roles existing in significant number in the national economy at all relevant times on and before June 30, 2006. At the time of the administrative hearing on April 15, 2013, the Law Judge propounded the following hypothetical question for consideration by the vocational expert:

> Well, if you could start by assuming a hypothetical individual of the claimant's age, education and work history and the age we're looking at is age 47 as of 2006, claimant's age, education and work history. Such an individual is limited to the light exertional level. If we eliminate all hazards, such as hazardous machinery, unprotected heights, climbing ladders, ropes or scaffolds; the remaining postural activities would be occasional, that's climbing of ramps or stairs, balancing, stooping, kneeling, crouching and crawling.
>
> The individual does have some environmental limitations, needs to avoid concentrated exposure to extremes [sic] cold, wetness, humidity, excessive noise,

4

> excessive vibration, pulmonary irritants, basically needs a temperature and an environmentally controlled environment.
>
> I even think it's reasonable to say this individual could not perform complex tasks or skilled work, would have been some problems based on pain medication and the like that could have precluded that type of sustained concentration. So, it would appear that we've ruled out the past work, which was at the skilled level.

(TR 58-59). After considering the Law Judge's findings as to residual functional capacity, the vocational expert opined that Mrs. Wade retained the capacity to perform a variety of light and sedentary work roles, primarily in production and in-person service. (TR 59-61).

The difficulty in this case is that the hypothetical question put to the expert did not include all of the limitations cited by the Law Judge in his opinion. In assessing plaintiff's nonexertional limitations, the Law Judge commented as follows:

> With regard to concentration, persistence, or pace, the claimant had moderate difficulties. The claimant alleged that due to a combination of her impairments and the side effects of her medications, she had difficulty concentrating and remembering during the period in question. She alleged severe fatigue due to insomnia, depression, sleep apnea, and her muscle relaxers that caused her to sleep multiple times per day, or hypersomnolence. While there are no counseling or psychiatric records indicating the breadth of the claimant's limitations during this period, the undersigned nevertheless finds that due to this combination of factors, some level of limitation in this domain is predictable. Thus, giving the claimant all reasonable benefit of the doubt, the undersigned finds that the claimant had moderate limitation in maintaining concentration, persistence, and pace.

(TR 15-16). However, despite explicitly finding that plaintiff suffered from moderate limitations in maintaining concentration, persistence, and pace, the Law Judge did not ask the vocational expert to consider the degree to which such problems would have prevented performance of work roles in which Mrs. Wade was otherwise capable of engaging.

In <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

5

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In the instant case, the court does not believe that the assessment provided by the vocational expert, which was adopted by the Law Judge, was based on all the work-related limitations which the Law Judge ultimately found to exist. Stated differently, while Mrs. Wade was found to have been capable performing simple, unskilled production and service jobs, which often require close attendance to task and satisfaction of daily quotas, the vocational expert was not asked to consider the interplay of moderate limitations in concentration, persistence, and pace. In such circumstances, the court believes that the Law Judge did not properly identify alternate work roles which take into account plaintiff's particular combination of physical and emotional impairments. Thus, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

In his opinion, the Administrative Law Judge did not explain his decision not to include the findings of moderate limitations in concentration, persistence, and pace in his assessment of plaintiff's residual functional capacity, or in the hypothetical question. In his question to the vocational expert, the Law Judge noted that plaintiff's deficiency in concentration rendered her disabled for complex tasks or skilled work. (TR 59). However, the court does not believe that the hypothetical question reasonably alerted the vocational expert to the existence of moderate limitations in plaintiff's concentration, job persistence, and attendance to task. Stated differently,

6

it is simply not reasonable to assume that moderate limitations in concentration, persistence, and pace would not affect performance of unskilled work roles.

As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla. September 21, 2012) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F.Supp.2d 639, 642-3 (W.D.Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

In Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) the United States Court of Appeals for the Fourth Circuit recently reached a similar conclusion:

> In addition, we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple

7

> tasks differs from the ability to stay on task. Only the latter limitation would account
> for a claimant's limitation in concentration, persistence, or pace.

Id. at 638.

In summary, the court concludes that the hypothetical questions posed by the Administrative Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, or pace, are not consistent with the evidence of record. The court will remand this case for appropriate proceedings.

On appeal to this court, plaintiff asserts that the final decision of the Commissioner should be reversed, based on other deficiencies in the Administrative Law Judge's opinion. Plaintiff argues that the Law Judge failed to give greater weight to the findings and opinions of her treating physician, Dr. Don Brady. However, the court finds substantial evidence to support the Law Judge's determination to give Dr. Brady's opinion evidence little weight. While Dr. Brady did opine that plaintiff's musculoskeletal problems rendered her disabled prior to termination of insured status, Dr. Brady made his assessment in 2012, many years after plaintiff's date last insured. (TR 1,271-74). Moreover, the court believes that the Law Judge reasonably relied on reports from plaintiff's treating pain specialist, Dr. Murray E. Joiner, Jr., which indicate that Mrs. Wade retained sufficient functional capacity for lighter work activity during the period in which she still enjoyed insured status. (TR 656). Dr. Brady's own physical findings during the period prior to termination of insured status were not overly remarkable. In short, the court believes that the Law Judge properly determined not to give controlling weight to Dr. Brady's opinion as to plaintiff's disability.

Mrs. Wade also contends that the Administrative Law Judge's credibility findings are not supported by substantial evidence. Plaintiff points out that in various statements given by her in connection with her application for benefits, and in her testimony at the administrative hearing, she

8

described disabling manifestations associated with her musculoskeletal problems. However, the court believes that the Law Judge properly relied on Dr. Joiner's findings, as well as those of Dr. Brady made prior to the termination of plaintiff's insured status, in determining that Mrs. Wade's complaints were out of proportion to the objective medical findings. In any event, even assuming that the Law Judge's credibility findings are not fully consistent with the objective medical evidence, the court believes that the appropriate remedy would be to remand the case to the Commissioner for further consideration of these issues. Inasmuch as the court has determined to remand the case for other reasons, plaintiff will be permitted to make these credibility arguments to a fact finder at the time of a supplemental administrative hearing.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide the matter in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of July, 2015.

*/s/ Glen Conrad*

Chief United States District Judge